(Decided 30th June, 1869.)

FREDERICK S. BLITZ *vs.* HENRY JAMES and others, trading as HENRY JAMES and Company.

*Construction of the Law relating to the Inspection of Lumber in the city of Baltimore.*

The 481st section of the Public Local Laws of the city of Baltimore provides that, "whenever the buyer or seller of any lumber or timber shall feel himself aggrieved by the measurement of any inspector, the buyer shall appoint one of the licensed inspectors, and the seller another, and they two shall select a third person to act as umpire, who shall be well acquainted with the kind of lumber or timber to be re-surveyed, and not a licensed inspector, and the three persons so appointed shall re-measure and mark said lumber or timber, and their decision shall be final." On the 29th of January, 1864, the plaintiffs, who were lumber merchants in Baltimore, sold to the defendant a quantity of lumber lying in a pile on the wharf in that city. The lumber was shipped to Washington. After its arrival there, the plaintiff sent to the defendant by mail an inspector's certificate of the quantity of lumber sold to him. The lumber was inspected in Washington, and found to fall short in the number of feet sold, and the defendant refused to pay for the amount of the deficiency. In an action brought to recover this amount, HELD:

Blitz *vs.* James, *et al.*

1st. That the purchase and delivery having been made in Baltimore, the purchaser was bound to know the Public Local Laws of that city relating to the inspection and sale of lumber.

2d. That upon the arrival of the lumber at Washington, and the defendant being dissatisfied with the inspection and measurement previously made, it was his duty, under the section of the law above cited, to have resorted to the means provided by that law for a correction of the previous inspection; and this was his only remedy.

3d. That the inspection in Washington, and the fact of the lumber having fallen short under that inspection, were altogether immaterial facts which could have no bearing or effect upon the issue to be tried, and the Court below was right in not permitting them to be considered by the jury.

4th. That the inspection of the lumber previous to its sale, and the marks put upon it by the inspector, furnished *primâ facie* evidence of the number of feet in the lot at the time of its sale and delivery, and in the absence of the proceedings which the law required the purchaser to resort to, if not satisfied, became conclusive of the number of feet it contained.

5th. That the law does not require an inspection whenever a sale of lumber is made, notwithstanding an inspection has been previously made.

APPEAL from the Court of Common Pleas.

On the 13th day of December, 1864, a writ of attachment on warrant was issued in this case, at the suit of the appellees against the appellant, a non-resident, for the purpose of recovering the sum of $538.68, alleged to be due for lumber sold and delivered to the latter by the former, which writ was returnable to the January Term, 1865, of the Court of Common Pleas. The short note shows the cause of action to be for *goods and wares sold and delivered.* Certain lumber of the appellant was taken by the Sheriff, and subsequently a bond was given and an appearance entered, and the attachment dissolved.

At the January Term, 1865, the defendant pleaded that he never was indebted as alleged, upon which issue was joined.

At the trial, it appeared by the evidence that the appellant, on the 29th of January, 1864, purchased of the

appellees a pile of lumber, lying on the wharf in Baltimore, at thirty cents per hundred feet, to go to Washington for the use of the United States Government; that the lumber was shipped on two vessels for Washington; that subsequently to its departure an invoice or inspector's certificate, made a month before the sale by an inspector employed by the appellees alone, was mailed to the appellant at Washington. It was also proved that the appellant paid $1,719.50 on account of the lumber, but refused to pay the balance because the number of feet charged was not correct, of which he gave the appellees due notice. The appellant then offered to prove that the lumber, on its arrival at Washington, was inspected by a Washington City inspector and an inspector of the United States, for which the lumber was bought; that the lumber was falsely and incorrectly marked; that the lumber thus fell short some 2,600 feet below the amount charged in the account of the appellees; that some of the boards, which were over-marked two feet each, had been retained at Washington for some time to be produced at the trial, but had been destroyed by fire. To the evidence thus offered the appellees objected and the Court refused to allow it to go to the jury; to this ruling the defendant excepted, and this constitutes the subject-matter of the first bill of exceptions.

The plaintiffs offered one prayer, which was granted by the Court below, and the defendant offered two, which were rejected; and this action of the Court forms the ground of the second bill of exceptions. The character of these prayers is sufficiently stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., MILLER, STEWART, BRENT, GRASON and ROBINSON, J.

*Wm. Pinkney Whyte,* for the appellant.

*Luther M. Reynolds,* for the appellees.

Blitz *vs.* James, *et al.*

Grason, J., delivered the opinion of the Court.

The first exception of the appellant was taken to the refusal of the Court below, to permit him to offer proof to the jury that the lumber, which he purchased of the appellees, had been inspected in Washington City upon its arrival there, and, upon that inspection, had fallen short twenty-six hundred feet, some of the boards measuring one foot, and others two feet less than was represented by the inspector's mark. The lumber was purchased in the city of Baltimore by the appellant, and was shipped to him at Washington by his agent, Willis. The purchase and delivery having been made in Baltimore, the purchaser was bound to know the Public Local Law of that city, relating to the inspection and sale of lumber, even if he were not acquainted with the custom among lumber merchants there. The 481st section of the Public Local Law of Baltimore provides that " whenever the buyer or seller of any lumber or timber shall feel himself aggrieved by the measurement of any inspector, the buyer shall appoint one of the licensed inspectors, and the seller another, and they two shall select a third person to act as umpire, who shall be well acquainted with the kind of lumber or timber to be resurveyed, and not a licensed inspector, and the three persons so appointed shall remeasure and mark said lumber or timber, and the decision shall be final." Upon the arrival of the lumber at Washington, and the appellant being dissatisfied with the inspection and measurement previously made, it was his duty, under the section of the law above referred to, to have resorted to the means provided by that law, for a correction of the previous inspection. This was his only remedy. The inspection in Washington, and the fact of the lumber having fallen short under that inspection, were altogether immaterial facts, which could have no bearing or effect upon the issue to be tried, and the Court below was right in not permitting them to be considered

by the jury.   Had there been an offer of proof that the lumber had fallen short in the number of boards, or that the inspection marks had been changed or obliterated, it would have been admissible.   No such offer was, however, made, although the bill of lading, and invoice of the lumber, as well as the tale of the inspector, who had inspected the lumber a short time previously, were sent to the appellant, a few days after the sale.

The second exception was taken to the granting of the appellees' prayer, and the rejection of the appellant's two prayers.

The prayer of the appellees was correct in all respects, except, perhaps, in putting to the jury the finding of the custom among lumber dealers in Baltimore City, without there being any evidence in the cause to show that the appellant, who was not a resident of the city, had knowledge of it.   But, as the appellant, as we have stated, was bound to know the Public Local Law of the place at which he was making his purchase, and which required him, if he was aggrieved, to pursue the remedy it provided, he was not injured by the prayer as granted.

The inspection of the lumber previously to its sale, and the marks put upon it by the inspector, furnished *primâ facie* evidence of the number of feet in the lot at the time of its sale and delivery; and in the absence of the proceeding, which the law required the purchaser to resort to, if not satisfied, became conclusive of the number of feet it contained.   The appellant's first prayer was, therefore, properly rejected.   His second prayer was based upon the theory that the law requires an inspection, whenever a sale of lumber is made, notwithstanding an inspection has been previously made.   In this view of the law, we do not concur.   The 477th section of the Public Local Law of Baltimore requires all lumber coming to that city to be inspected by a licensed inspector of the city, unless the same has been inspected by a licensed inspector at

Blitz *vs.* James, *et al.*

some one of the places named in the section. From the language of this section, the inference is plain, that all the law requires is, that it shall be once inspected by a licensed inspector in some part of the State, before it is sold in Baltimore. Section 478 provides, that lumber shall be inspected and sold in Baltimore by measurement only, and goes on to prescribe the rule for the measurement. If this section stood alone, it might bear the construction that all lumber was required to be inspected upon coming to Baltimore before it could be sold. But it must be taken and construed with the preceding section, which provides that lumber coming to Baltimore shall be inspected, unless it has been previously inspected at Port Deposit, Havre de Grace, or Perryville, or its vicinity. It will be seen too, from an examination of section 483, that no doubt can be entertained as to the proper construction of section 478. Section 483 provides, that if " any person bringing lumber to Baltimore shall sell the same without having it inspected by a licensed inspector, *unless the same has been previously inspected, as hereinbefore mentioned,* he shall forfeit and pay a fine of five dollars per thousand feet, board measure." Section 480 provides for the payment of fees to the inspector, and directs that one-half shall be paid by the buyer, and the other half by the seller. This applies only in cases where an inspection is made at the time of a sale, but does not make it obligatory upon the seller to have an inspection made whenever a sale takes place. This is too plain for controversy, when considered in connection with section 483. Any other construction than the one which we have given to these laws would do violence to the laws themselves, and would result in expense and inconvenience to the lumber dealers of Baltimore City, which would be oppressive and intolerable. The Court below was therefore right in rejecting the appellant's second prayer, and its judgment must be affirmed.

*Judgment affirmed.*

(Decided 2d July, 1869.)